UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> CROTHALL HEALTHCARE, INC., <br><br> Defendant. | CIVIL ACTION NO. 4:20-cv-190-HLM-WEJ <br><br> JURY TRIAL DEMANDED |

# COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, (the "ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on a disability, and to provide appropriate relief to Billy Pack ("Pack"), who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC") alleges that Defendant Crothall Healthcare, Inc. ("Defendant") discriminated against Pack when it denied him employment because of his disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section

107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Rome Division. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has conducted business in the State of Georgia, and it has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII,

2

42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Pack filed a Charge of Discrimination with the Commission alleging violations of the ADA by Defendant.

8. On April 1, 2020, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA had been violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On June 15, 2020, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## **STATEMENT OF CLAIMS**

11. Since at least September 2017, Defendant, which processes laundry for healthcare facilities, hotels, and resorts, has engaged in unlawful employment practices at its Rome, Georgia facility in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b).

12. Pack is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Pack suffers from cerebral palsy and deafness, which substantially limits him in major life activities, including the operations of the musculoskeletal and auditory systems.

13. On or about September 15, 2017, Pack applied for a laundry services worker position at Defendant's Rome, Georgia facility.

14. Defendant's plant manager invited Pack to the Rome facility for an on-site interview.

15. Pack presented for the interview at Defendant's Rome facility with a sign language interpreter on or about September 25, 2017.

16. The manager conducting Pack's interview and plant tour noticed Pack's leg braces and ambulatory aids, and he asked Pack how he "could work standing up for so long?"

17. Pack responded that he would need to be provided with a stool if he were hired, which would allow him to work from a seated position as necessary.

18. During the interview and tour, Pack reiterated his interest in the position and attempted to give his resume to the manager conducting the interview, but the manager would not accept a copy of his resume.

19. Defendant's typical practice is to offer applicants employment at the conclusion of the interview and plant tour, if the applicant represents that he or she is able to perform the position and is still interested in the position, and the applicant would begin work the following day.

20. Pack was not offered employment at the conclusion of his interview and tour.

21. Pack attempted to call Defendant to inquire about the status of his employment application on or about September 28, 2017, October 2, 2017, October 5, 2017, October 6, 2017, October 9, 2017, October 10, 2017, and October 11, 2017.

22. On or about October 12, 2017, Pack's job coach through the Georgia Commission for the Deaf or Hard of Hearing contacted Defendant's plant manager on Pack's behalf, because Defendant's plant manager was not answering or returning Pack's phone calls between on or about September 28, 2017 and October 11, 2017.

23. The plant manager subsequently requested, through Pack's job coach, that Pack participate in a video conference on or about October 16, 2017.

24. The general manager, plant manager, a human resources consultant, and video interpreter participated in the video conference with Pack on or about October 16, 2017.

25. The plant manager asked Pack questions about whether he could push a heavy cart, pick up towels, clean the floors, and climb machines, and also about the requested stool, including who had purchased a stool for Pack in his previous employment.

26. Pack confirmed that he could perform all of the required tasks, and he explained that his previous employer had purchased a stool for him to use at work.

27. Defendant determined that a stool for Pack was affordable.

28. Defendant's plant manager called Pack on or about October 19, 2017 and left a message that if hired, Defendant could not pay him its normal rate for the laundry services worker position, but that all positions had been filled.

29. On or about October 24, 2017, Defendant's plant manager by email and voice mail again told Pack that the position for which Pack applied had been filled, and that Defendant would send Pack a request to apply again when it opened a new requisition for the position.

30. Defendant never again contacted Pack.

31. Defendant hired more than eighty non-disabled laundry service workers after it denied Pack employment, between on or about September 2017 and on or

about May 2018.

32. A requisition for the laundry service worker position at Defendant's Rome facility was open from on or about September 26, 2017 through on or about November 10, 2017.

33. Pack could perform all the essential functions of the job with an accommodation.

34. The effect of the practice(s) complained of above has been to deprive Pack of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

35. The unlawful employment practices complained of above were intentional.

36. The unlawful employment practices complained of above were done with malice and/or with reckless indifference to Pack's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from denying applicants employment due to their disability status, and engaging in any other employment practices that discriminate on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees who engage in protected activity and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Pack whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

D.     Order Defendant to make Pack whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.     Order Defendant to make Pack whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay Pack punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                Respectfully Submitted,

                SHARON FAST GUSTAFSON
                General Counsel

                ROBERT A. CANINO
                Acting Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                ROBERT WEISBERG
                Acting Regional Attorney

                LAKISHA DUCKETT ZIMBABWE
                Supervisory Trial Attorney

                s/ *Veronia Rogusky*
                Veronica Rogusky
                Trial Attorney
                Georgia Bar No. 712154
                Veronica.rogusky@eeoc.gov
                U.S. Equal Employment Opportunity Commission
                Atlanta District Office
                100 Alabama St., SW, Suite 4R30
                Atlanta, GA 30303
                (404) 562-6973 (direct)

(404) 562-6905 (facsimile)