# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO.: |
| v. | ) ) | 4:20-cv-00190-HLM-WEJ |
| CROTHALL HEALTHCARE, INC., and CROTHALL LAUNDRY SERVICES, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") initiated this action pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, (the "ADA") and Title I of the Civil Rights Act of 1991. The Commission's Complaint alleges that Defendants Crothall Healthcare, Inc. and Crothall Laundry Services, Inc. (collectively "Defendants") discriminated against Charging Party Billy Pack ("Pack") when it denied him employment because of his disability, in violation of the ADA. Defendants filed an Answer denying these allegations.

FP 40938665.1

The Commission and Defendants (collectively, the "Parties") hereby stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before the Court. The Parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the Parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the Parties as provided in paragraphs 1 through 16 below.

It is therefore **ORDERED, ADJUDGED, AND DECREED** as follows:

1. Defendants shall not subject employees or prospective employees to discrimination based on disability or perceived disability.

2. Defendants shall not retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under the ADA.

3. Defendants shall pay Pack the total sum of $37,500 in settlement of the claims raised in this action. Defendants shall make payment by issuing a check payable to Billy Pack. Payment shall be made within ten (10) business days after the Court approves this Consent Decree, and Defendants shall mail the check to Pack at an address provided by the Commission. Within fifteen (15) business days of the entry of this Consent Decree by the Court, Defendants shall send to the Commission a copy of the check and proof of its delivery to Pack. Neither the Commission nor Defendants make any representation about, or assume any responsibility for, any tax liability, assessments, interest, penalties and/or costs that Pack may or may not incur on such payments under local, state, and/or federal law.

4. Within ten (10) business days of the entry of this Consent Decree by the Court, Defendants shall remove from its personnel files any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2018-01314, and the related events that occurred thereafter, including the filing of Pack's EEOC Charge and this litigation. Within fifteen (15) business days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision to the Commission.

5. Defendants shall create or revise Defendants' formal, written ADA compliance policy (the "Policy") consistent with this Consent Decree. The Policy

must clearly define prohibited conduct and specifically prohibit disability discrimination in the workplace including that perpetrated by Defendants' management, employees, customers, clients, and vendors.

The Policy must specify the following:

    a)     Defendants will not refuse to hire and/or terminate applicants or employees based on a disability or a request for a reasonable accommodation;

    b)     Prohibited behavior will not be tolerated from Defendants' management, employees, customers, clients, vendors or any other persons present at any of Defendants' premises or where Defendants conduct business;

    c)     Applicants and/or employees may make requests for reasonable accommodations;

    d)     Defendants will provide reasonable accommodations to applicants and employees as required by law;

    e)     All medical information shall be kept confidential to the maximum extent possible;

    f)     Defendants will investigate complaints of disability discrimination; and

> g) Defendants will take immediate and appropriate corrective action when Defendants determine that disability discrimination has occurred.

A copy of the Policy has been provided to the EEOC for review and approval. Copies of the Policy will be distributed to each of Defendants' employees, human resources personnel, supervisors and managers in Rome, Georgia and Augusta, Georgia within ninety (90) calendar days of the Court's entry of this Consent Decree. New employees located in Defendants' Rome, Georgia and Augusta, Georgia facilities will receive a hard copy of the Policy during their orientation. A copy of the Policy shall be included in any relevant policy or employee manual or handbook maintained by Defendant. Within ninety (90) calendar days of the entry of this Consent Decree by the Court, Defendants shall report compliance with this provision to the Commission. Defendants shall maintain the Policy throughout the term of this Consent Decree.

6. During the term of this Consent Decree, Defendants shall post a copy of the policy described in paragraph 5 above in its Rome, Georgia and Augusta, Georgia facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendants shall replace it by posting another copy of the

policy. Within thirty (30) calendar days after the Consent Decree is entered, Defendants will post the policy and notify the Commission that it has been posted.

7. During the term of this Consent Decree, Defendants shall provide an annual mandatory live training program to all managers, supervisors, and human resources personnel working in Rome, Georgia and Augusta, Georgia and all other field and site human resources personnel in Georgia (for a total of three trainings). Each training program shall include, at minimum: (a) explanation of the policy referenced in paragraph 5 above; (b) description of the types of conduct or policies that constitute discrimination based on disability or perceived disability and the laws protecting employees and perspective employees from it; (c) explanation that employees may exercise their federally protected rights to complain about discrimination or to participate in the investigation of a complaint of discrimination; (d) explanation of who is a qualified individual with a disability and who is an individual associated with a person with a disability; (e) explanation of the interactive process; (f) explanation of what reasonable accommodations are; and (g) explanation of the process for employees and prospective employees to request a reasonable accommodation.

At least fifteen (15) days prior to each program, Defendants shall submit to the Commission an agenda for the live training program by electronic mail sent to

EEOC-ATDO-decree-monitoring@eeoc.gov. Defendants should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda.

The first live training program shall be completed within ninety (90) days after entry of this Consent Decree by the Court. Within ten (10) days after completion of each training program, Defendants shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

Defendants may conduct the live training program in-person or virtually.

8. Within ten (10) business days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendants shall conspicuously post the attached Employee Notice at its Rome, Georgia and Augusta, Georgia facilities, marked Exhibit A and incorporated herein. If the Notice becomes defaced or unreadable, Defendants shall replace it by posting another copy of the Notice. Within fifteen (15) business days after entry of this Consent Decree, Defendants shall notify the Commission that the Notice has been posted pursuant to this provision.

9. During the term of this Consent Decree, Defendants shall provide the Commission with reports at six (6) month intervals, with the first being due ninety

(90) days after approval by the Court of this Consent Decree. The reports will include the following information:

   a) A certification that Defendants has completed all trainings required by the Consent Decree;

   b) A certification that the Employee Notice remained posted for the entire period as required by this Consent Decree; and

   c) A report of all applications at the Rome, Georgia and Augusta, Georgia facilities after approval by the Court of this Consent Decree by persons who disclose they have a disability and seek employment with Defendant. This report shall include: (i) the name and contact information of the applicant; (ii) the date the applicant applied; (iii) the position the applicant applied for; and (iv) whether the applicant was hired. Defendants shall provide the Commission with relevant documents related to any such application denied upon request.

In the event there is no activity to report pursuant to this paragraph, Defendants shall send the Commission a "negative" report indicating no activity.

10. All notices to Defendants by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Sally.Mazzola@compass-usa.com. If at any time during the term of this Consent Decree Defendants' designated point of

8
FP 40938665.1

contact changes, Defendants shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

11. All reports or other documents sent to the Commission by Defendants pursuant to this Consent Decree shall be sent by electronic mail to: (1) [EEOC-ATDO-decree-monitoring@eeoc.gov](mailto:EEOC-ATDO-decree-monitoring@eeoc.gov); or (2) by regular mail to:

>Marcus G. Keegan
>Regional Attorney
>Equal Employment Opportunity Commission
>Sam Nunn Atlanta Federal Center
>100 Alabama Street, SW
>Suite 4R30
>Atlanta, Georgia 30303

12. The Commission may review compliance with this Consent Decree. As part of such review, and upon 72 hours' notice to Defendants' counsel, and after following the procedure set forth in paragraph 13 below, the Commission may inspect Defendants' facilities, interview employees, and examine and copy documents.

13. If at any time during the term of this Consent Decree, the Commission believes that Defendants are in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendants shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter,

the Parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by the Parties, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. This Consent Decree shall be in effect for a period of three (3) years from its entry by the Court.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Consent Decree and entry of such further orders as may be necessary or appropriate.

16. Each party shall bear its own costs and attorney's fees.

_____  _____
Date                                                          Judge, U.S. District Court
                                                                      Northern District of Georgia

The Parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Acting General Counsel

LISA MORELLI
Acting Deputy General Counsel

10
FP 40938665.1

MARCUS KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

/s/ *Veronica N. Rogusky*
Veronica N. Rogusky, Esq.
Trial Attorney
Georgia Bar No. 712154
Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, Georgia 30303
E: veronica.rogusky@eeoc.gov
T: (404) 219-6324


/s/ *David R. Kresser*
David R. Kresser, Esq.
Georgia Bar No. 429615
JonVieve D. Hill
Georgia Bar No. 907946
Fisher & Phillips, LLP
1075 Peachtree Street, NE, Suite 3500
Atlanta, GA 30309
(404) 240-4208
dkresser@fishisphillips.com
jhill@fisherphillips.com

*Attorneys for Defendants*

11

FP 40938665.1